## Pachkoski Appeal

414

*Eugene G. Mirarchi*, for appellant.

*Russell S. Machmer*, for Commonwealth.

TROUTMAN, J., November 10, 1955.—This is an appeal of John Pachkoski, Jr., from the order of the Secretary of Revenue in suspending his certificate of appointment to operate an Inspection Station No. 9333 for a period of one year. The petition for the appeal was presented to this court on April 25, 1955, and the appeal was allowed and the matter set down for hearing on June 13, 1955, directing that the said appeal shall act as supersedeas. A hearing was held on said appeal on July 5, 1955, at which time testimony was taken on the part of the Commonwealth and on the part of defendant, John Pachkoski, Jr.

Defendant, John Pachkoski, Jr., operates a garage and service station along U. S. route 122 in the eastern end of the Borough of Kulpmont and has been operating the same since 1948, and has held a certificate issued by the Department of Revenue as an official inspection station since that date. Under date of March 25, 1955, defendant was notified by the Director of Highway Safety of the State Department of Revenue that his appointment as an official inspection station was suspended for a period of one year, to date from March 25, 1955, the causes of said suspension being: (1) Failure to comply with department regulations relative to submission of reports; and (2) issuing inspection sticker for vehicle too large to

get inside of inspection station and affixing same off premises of inspection station.

In behalf of the Commonwealth, Corporal William L. Banzhaf, a member of the Pennsylvania State Police, who acts as supervisor of official inspection stations located in this area, testified that on March 9, 1955, he went to the service station of defendant to investigate the inspection of a tractor-trailer owned by one Schoffstall, of Natalie, and that as the result of said investigation, found that defendant had inspected the said tractor-trailer off the premises and outside of his garage, which was in violation of one of the regulations of the Bureau of Highway Safety of the Department of Revenue. He testified that the trailer in question was higher than the height of defendant's garage door and, thus, was too high to take within the garage.

This witness further testified that on March 17, 1955, he again was at the inspection station of defendant and made inquiry concerning his inspection sheets and found that defendant had failed to send to the Department of Revenue his inspection sheets for the period beginning August, 1954, to February, 1955, inclusive. This was in violation of the regulation of the Bureau of Highway Safety requiring that such inspection sheets be returned to the department as they were filled. The inspection records include the name of the mechanic making the inspection, information concerning the license number and make of the motor vehicle, the owner's name and address, together with a check of various items inspected.

Defendant admitted that he had not returned the inspection reports to the Department of Revenue as the sheets were filled, but had kept them until the end of the inspection period. He testified that he had been doing this since he opened his inspection station and that no complaint had ever been made concerning this practice. The record discloses that at no time was de-

fendant warned of any laxity in the submission of his reports.

In a booklet entitled, "Official Inspection Station Instructions", issued by the Bureau of Highway Safety, Department of Revenue, at page 10, in answer to the question as to how often reports should be mailed to Harrisburg, it states that the report should be forwarded as soon as sheet is filled and at the termination of a campaign the report should be forwarded to Harrisburg regardless of whether or not the sheet is filled. The testimony indicates that defendant in this case did not promptly forward his reports as he was required to do under the instructions of the Bureau of Highway Safety. However, the court does find as a fact that since defendant has operated an inspection station, the department has made no attempt to have defendant comply with the regulation until the present instance.

In respect to the charge that defendant had issued an inspection sticker for a vehicle too large to get inside his inspection station and affixed the same off of his premises, it is admitted by defendant that the trailer in question was not inspected within his garage. It is also admitted that the final inspection of the combination tractor and trailer was made off his premises. On page 8 of the instructions issued by the Bureau of Highway Safety, hereinbefore referred to, it is provided that in accepting the appointment, the station operator obliges himself to make inspections and to affix certificates of inspection only within the garage at the location of business designated on the certificate of appointment. At the hearing, defendant testified that Mr. Schoffstall had brought his tractor to his garage in Kulpmont for the purpose of being inspected and that the tractor was driven into the garage and a thorough inspection made. Defendant stated that he did not affix a sticker to the tractor at that time

because it did not have the proper license plates, and that it was arranged that that evening he would come to Natalie on the premises of Schoffstall and inspect the trailer and tractor together, and that he did so on the evening of October 30, 1954, and found the equipment in working order and passed inspection. Defendant claims that this was the only trailer that he had ever inspected and that he would not inspect any more, due to the size of the same.

There is no testimony whatsoever that defendant had not made an honest, thorough and efficient inspection of the vehicles in question. The only charge against him is that he affixed the sticker and inspected the trailer off the garage premises. There is no question but that the tractor was properly inspected at defendant's garage. Defendant failed to fully comply with the requirements of the department in the inspection of the trailer off his premises and the affixing of the inspection sticker thereto.

The record discloses that defendant's certificate of appointment as an official inspection station had never been previously suspended but that on two previous occasions, one in 1950 and another in May, 1953, he was arrested for making improper inspections. In respect to the offense of 1953, which pertained to his failure to check headlights properly, defendant testified that on that occasion he did not know that his headlight testing machine was out of order but, as soon as he found it out, he obtained another machine and had his repaired.

On page 15 of the instructions issued by the Bureau of Highway Safety, there is a heading entitled, "Penalties for Inspection Violations", and under types of offenses, (e) records, it is provided that the department shall give warnings for the first and second offenses and a six-month suspension for the third offense. Since the record clearly discloses that at no

time had there been any complaint made to defendant in relation to his records and, since this was his first offense in relation to the transmission of records, the most that the Department of Revenue could do in the way of a penalty would be a warning to defendant to strictly comply with the regulations in the future.

In respect to affixing a sticker off the premises, the court fails to find any penalty enumerated for such an offense. There is no evidence which would warrant the court in finding that there was a faulty or inefficient inspection. The record discloses that an efficient inspection of the tractor and trailer was made by defendant, the only complaint being that he did not make the inspection of the trailer within his garage. The testimony does disclose that the tractor was inspected within the garage and that the evening of the same day on the premises of the truck owner, defendant made a complete inspection of the combination tractor and trailer, and the trailer itself. Defendant very frankly testified that the trailer was too big to get into the garage and that he would not inspect any trailers in the future.

According to the testimony, defendant will suffer a severe economic loss if he is deprived of his appointment as a motor vehicle inspector, and that he has a garage business which will be seriously affected if he is unable to inspect motor vehicles.

Under the above circumstances, we are of the opinion that the withdrawal of defendant's appointment as the operator of an official inspection station is not warranted under the facts of this case and a suspension of one year is not merited. Under the facts of this case and a consideration of the rules, regulations and penalties promulgated by the Bureau of Highway Safety of the Department of Revenue, a warning to defendant that he shall keep his records and transmit the same in accordance with the regulations, and that

he shall desist from inspecting any vehicles except within his garage is ample, under the circumstances. Consequently defendant's appeal must be sustained.

### Order

And now, to wit, November 10, 1955, defendant's appeal from the action of the Department of Revenue in suspending his certificate of appointment to operate an Inspection Station No. 9333 for a period of one year, is hereby sustained and the order of suspension vacated. Costs to be paid by defendant. Let an exception be noted for the Commonwealth.